**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| YOGA 360, INC., an Illinois corporation<br><br>　　　　Plaintiff,<br>　v.<br><br>YOGA 360,LLC d/b/a YOGA 360, a yoga and spin studio, a Wisconsin corporation, Susan Moran, individually and as owner/manager of YOGA 360, LLC d/b/a YOGA 360, a yoga and spin studio<br><br>　　　　Defendants. | **COMPLAINT AND**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff, YOGA 360, Inc. ("Plaintiff YOGA 360"), for its Complaint against Defendants, Yoga 360, LLC, d/b/a Yoga 360 LLC, d/b/a YOGA 360, a yoga and spin studio ("YOGA 360 Wisconsin") and SUSAN MORAN ("MORAN") (collectively "Defendants"), states and alleges as follows:

**NATURE OF THE CASE**

1.　This action arises from Defendants' unauthorized use of Plaintiff YOGA 360's valuable YOGA 360 trademark (and related trademarks) in interstate commerce in connection with their services.

2.　Defendants' actions are not authorized by Plaintiff YOGA 360 and represent an effort to trade on the valuable goodwill and reputation associated with Plaintiff YOGA 360 and its federally registered Marks. Even in the short period of time in which Defendants have been in business, Plaintiff has already experienced several instances of actual confusion. This is an action for infringement of a federally registered trademark, in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114; for federal trademark infringement and unfair competition, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); for

unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); for violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510; and for trademark infringement and unfair competition, in violation of the common law of the State of Illinois.

3. Plaintiff YOGA 360 seeks, among other remedies, injunctive and monetary relief for injuries that have been and will continue to be caused by Defendants' unauthorized use of Plaintiff's YOGA 360 trademarks.

## THE PARTIES

4. Plaintiff YOGA 360 is an Illinois corporation with its principal place of business at 91 Bankview Drive, Frankfort, Illinois 60423.

5. Upon information and belief, Defendant YOGA 360 Wisconsin is a Wisconsin corporation with its principal place of business at 1255 South Monroe Street, Green Bay, Wisconsin 54301.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1121 and pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b), because this is a civil action arising under an Act of Congress relating to trademarks. This Court has supplemental jurisdiction over the Illinois state claims pursuant to 28 U.S.C. § 1367(a) because such claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

7. Venue is proper in this court pursuant to 28 U.S.C. §§ 1391(b) and (c) because the claims alleged in the Complaint arose, in part, in this judicial district. This Court may properly exercise personal jurisdiction over Defendant YOGA 360 Wisconsin and MORAN since the Defendants' activities cause harm to Plaintiff YOGA 360's business in this District.

## **FACTS COMMON TO ALL COUNTS**

### **Plaintiff's Business and Trademarks**

8. Plaintiff YOGA 360 is a yoga studio, spa and retail store offering a variety of products and services of the utmost quality both at its physical location in Frankfort, IL, and through its website located at [www.yoga-360.com](www.yoga-360.com) as well as national and international workshops and retreats.

9. Since at least as early as April 2004, Plaintiff YOGA 360 has been, and continues to be engaged in the business of, among other things, yoga and physical fitness instruction and consultation; educational services and providing classes in the field of health, beauty, clothing and fitness; retail store services featuring products relating to health, beauty, clothing and fitness; and day spa services (hereinafter collectively, "Plaintiff Yoga 360's Goods and Services").

10. In addition, Plaintiff YOGA 360 currently offers workshops, health consultations and webinars via its website [www.yoga-360.com](www.yoga-360.com). Plaintiff YOGA 360 has also led yoga-related retreats to various destinations, such as Costa Rica, with attendees from across the country. In the near future, Plaintiff YOGA 360 intends to significantly expand the scope and reach of its website to include more workshops, seminars and other online services aimed at consumers throughout the United States.

11. Plaintiff YOGA 360 has a planned and fully subscribed yoga retreat at Lake Geneva, Wisconsin for the weekend of October 25, 2013.

**Continues on next page-intentionally blank**



12. Plaintiff YOGA 360 is the exclusive owner of all rights, title, and interest in, to, and under the marks, logos, brand, and trade name YOGA 360, YOGA 360 WELLNESS STUDIO, YOGA 360 STUDIO & SPA, the design mark reproduced below, and variations thereof, for use on and in connection with the Yoga 360 Goods and Services (collectively, the "Yoga 360 Marks").

13. To protect Plaintiff YOGA 360's name and reputation, Plaintiff YOGA 360 filed for and obtained federal trademark registrations for its significant trademarks. Specifically, Plaintiff YOGA 360 owns the following two registrations: (1) U.S. Trademark Registration No. 3,297,332 for "YOGA 360 WELLNESS STUDIO," registered on February 25, 2007 in International Classes 35, 41 and 44; and (2) U.S. Trademark Registration No. 3,285,662 for the design mark reproduced below, registered on August 28, 2007 in International Class 41:



Copies of these registrations are attached as Exhibits A and B, respectively.

14. These registrations are incontestable pursuant to Section 15 of the Lanham Act, 15 U.S.C. § 1065 as a result of Plaintiff's longstanding use and registration.

15. Plaintiff YOGA 360 also owns pending U.S. Trademark Application Serial No. 85/927,744 for the word mark "YOGA 360," filed in International Classes 35, 41 and 44 on May 13, 2013. A copy of this application is attached as Exhibit C.

16. Plaintiff YOGA 360's federal registrations are valid, subsisting, and in full force and effect and constitute *prima facie* evidence of the validity of Plaintiff YOGA 360's Marks, of ownership of the marks and of Plaintiff YOGA 360's exclusive right to use the marks in commerce in connection with the goods and services identified in the registration certificates.

17. Plaintiff YOGA 360 also owns the domain name and associated website at www.yoga-360.com.

18. The Yoga 360 Marks have long been used, and continue to be used, by Plaintiff YOGA 360, to identify the source of origin of Plaintiff YOGA 360's Goods and Services and, further, to distinguish Plaintiff YOGA 360's high quality products and services from those products and services offered by its competitors and others.

19. As a direct result of Plaintiff YOGA 360's use and promotion of the Yoga 360 Marks, the Yoga 360 Marks have become, and continue to be, a valuable asset of Plaintiff YOGA 360, one which signifies to the consuming public a standard of high quality services

5

and products originating from Plaintiff YOGA 360.

**Defendants' Business and Unlawful Conduct**

20. Notwithstanding the foregoing, Defendant YOGA 360 Wisconsin, on or around January 2013, adopted and began using the identical mark "YOGA 360" (and confusingly similar variations thereof) on and in connection with its advertising, marketing offering for sale, and provision of goods and/or services that directly compete with Plaintiff YOGA 360's Goods and Services in interstate commerce, including, but not limited to, yoga classes and physical fitness instruction.

21. Upon information and belief, Defendant YOGA 360 Wisconsin adopted and began using YOGA 360 apparently recognizing the great value and notoriety of the Yoga 360 Marks and the strong reputation of Plaintiff YOGA 360 in, among other areas, the fields of yoga and physical fitness instruction. Desiring to benefit from and to "trade-upon" the great value of the Plaintiff's Yoga 360 Marks, reputation, and the ongoing goodwill obtained by Plaintiff YOGA 360 under and in connection with its Yoga 360 Marks, on information and belief, Defendant YOGA 360 Wisconsin has been and continues to advertise, promote, offer for sale, and sell goods and services in the fields of yoga and physical fitness instruction.

22. Defendants have wrongfully used, and continue to wrongfully use, Plaintiff YOGA 360's "Yoga 360" Marks or confusingly similar, misleading or deceptive variations of the Yoga 360 Marks, by soliciting business and publishing the Yoga 360 Marks on and in connection with Defendants' widely disseminated and publicly available website and other social media advertisements on, at least, the World Wide Web at www.spinandyoga.com and formerly on a Facebook business webpage at: https://www.facebook.com/pages/Yoga360/389876471095334 (which Facebook, under its Terms of Use and Intellectual Property rights policies, has taken down) throughout the United States (including in this District), to advertise, market, and promote Defendants'

related and competing goods and services. The picture of Defendants' Yoga 360 Wisconsin's yoga studio signage is prominently displayed on their web site and below.



The logo of their website is depicted below.



23. On information and belief, Defendant YOGA 360 Wisconsin has used Plaintiff's Yoga 360 Marks and/or confusingly similar, misleading and/or deceptive variations of the Plaintiff's Yoga 360 Marks on print marketing materials, signage, and as the primary identifier for its business. Indeed, Defendant refers to itself throughout its website as "Yoga 360" in plain text.

24. Defendants also adopted a stylized version of the Plaintiff YOGA 360's "Yoga 360" mark that is strikingly similar to the stylized version of Plaintiff's mark used on certain

7

apparel items sold at Plaintiff YOGA 360's yoga studio and online store, and which was used prior to Defendants' adoption of its mark. Below is a comparison of these stylized versions.



Defendants' stylized YOGA 360 mark     Plaintiff's stylized YOGA 360 mark

25. Despite a relatively brief period of co-existence, Defendants' use of the "Yoga 360" Marks have already caused significant actual confusion in the marketplace and among the relevant purchasing public and consumers. Examples include:

   a. Several consumers believing they were making appointments at Defendants' yoga studio online, actually made reservations for services at Plaintiff's website, thereby taking valuable time slots. Such consumers did not show up for such services as they believed they had made them at Defendants' facility. As a result, Plaintiff YOGA 360 lost those time slots for true customers and lost the profits that would otherwise have been received.

   b. Plaintiff has received numerous misdirected phone calls from consumers asking for directions to Defendants' yoga studio.

   c. Several consumers who have used Google and other search engines to find Plaintiff have expressed confusion to Plaintiff about whether Plaintiff and Defendants were affiliated.

   d. At least one of Plaintiff's vendors expressed confusion as to affiliation when they asked Plaintiff whether to send orders to Plaintiff's location in Frankfort,

Illinois or to Defendants' location in Green Bay Wisconsin.

e. Plaintiff received a phone call from a charitable organization based in Green Bay, Wisconsin, Defendants' place of business, to solicit donations under the mistaken impression that Plaintiff was affiliated with Defendant's Green Bay operations.

26. The foregoing instances of actual confusion have disrupted Plaintiff YOGA 360's business and caused, and will continue to cause, significant damage to Plaintiff YOGA 360's valuable Yoga 360 Marks. If allowed to continue, Defendant YOGA 360 Wisconsin's infringement will undoubtedly cause further confusion in the marketplace as Plaintiff YOGA 360 expands its business in both the physical and online worlds.

27. Defendant YOGA 360 Wisconsin markets, advertises, and promotes its goods and services in the same channels of trade as Plaintiff YOGA 360 markets, advertises, and promotes its Goods and Services. Indeed, Plaintiff YOGA 360 has already experienced significant actual confusion due to the online promotion of Plaintiff YOGA 360's and Defendant YOGA 360 Wisconsin's services.

28. Defendants have used, and continue to use, Plaintiff YOGA 360's "Yoga 360" Marks, and/or confusingly similar, misleading and/or deceptive variations of the Plaintiff YOGA 360's valuable and well known Yoga 360 Marks, on and in connection with Defendant YOGA 360 Wisconsin's advertising, marketing, and promotion of its goods and services throughout the United States.

29. Plaintiff YOGA 360 recently became aware of Defendant YOGA 360 Wisconsin's wrongful use of its valuable and well known Yoga 360 Marks and/or confusingly similar, misleading and/or deceptive variations of Plaintiff's valuable and well known Yoga 360 Marks.

9

30. Defendants use of Plaintiff YOGA 360's "Yoga 360" Marks has caused, will continue to cause, and/or is likely to cause and continue to cause the trade, consumers and/or the relevant purchasing public to be confused into believing that Plaintiff YOGA 360: (a) is itself offering the goods and services being advertised, marketed, and promoted by Defendants under the Yoga 360 Marks and/or confusingly similar variations thereof; (b) is affiliated, connected, or otherwise associated with Defendants YOGA 360 Wisconsin or MORAN and/or Defendant YOGA 360 Wisconsin's marketing, and promotion of goods or services under or in connection with the Yoga 360 Marks and/or confusingly similar variations thereof; and (c) is sponsoring, endorsing, administering, supervising, or is otherwise connected with Defendants YOGA 360 Wisconsin and MORAN and/or Defendants' advertising, marketing, and promotion of goods or services under or in connection with the Yoga 360 Marks and/or confusingly similar variations thereof.

31. Plaintiff YOGA 360 has demanded that Defendants YOGA 360 Wisconsin and MORAN voluntarily cease any and all further use of the Yoga 360 Marks. As of this date, Defendants have refused to voluntarily cease using Plaintiff YOGA 360's "Yoga 360" Marks and, moreover, continue to use the Yoga 360 Marks and other infringing variations of the Yoga 360 Marks in interstate commerce and specifically on their webpage.

32. Instead of ceasing its infringing activity, Defendants YOGA 360 Wisconsin and MORAN recently filed a small claims action against Plaintiff YOGA 360 in Green Bay, Wisconsin, following a valid notice by Plaintiff YOGA 360 to Facebook to confirm Plaintiff's ownership of its federal registered trademarks and pursuant to Facebook's terms and conditions, which prohibit the unauthorized use of third-party trademarks, a request to remove the Defendant YOGA 360 Wisconsin Facebook page/site.

33. Defendants' actions make clear that unless preliminarily and permanently enjoined by this Court, Defendant YOGA 360 Wisconsin and MORAN will continue to use,

cause confusion, and wrongfully benefit and gain from its wrongful use of Plaintiff's Yoga 360 Marks and name.

## COUNT I

### INFRINGEMENT OF FEDERALLY REGISTERED TRADEMARK

1-33. Plaintiff YOGA 360 incorporates by reference each and every allegation contained in Paragraphs 1 through 33 of this Complaint as though fully set forth herein.

34. Plaintiff YOGA 360's use of the Yoga 360 Marks predates any alleged use by Defendants.

35. Defendants have, without the authorization or consent of Plaintiff YOGA 360, used and intend to continue using in commerce a trademark that is identical or confusingly similar to the federally registered YOGA 360 Marks in connection with the sale, offering for sale, distribution, and/or advertising of services and/or goods, and such use is likely to cause confusion, or to cause mistake, or to deceive as to the source or origin of those goods or services.

36. The aforesaid acts of Defendants constitute trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

37. The aforesaid acts of Defendants were committed willfully, with full knowledge of Plaintiff YOGA 360's rights, and with the intention of deceiving and misleading the public and causing harm to Plaintiff YOGA 360.

38. As a direct and proximate result of Defendants' infringement, Plaintiff YOGA 360 has suffered and will continue to suffer damages in an amount that is not presently ascertainable but will be established at trial.

39. The acts of Defendants complained of herein have caused and, unless enjoined by this Court, are likely to continue to cause Plaintiff YOGA 360 to suffer irreparable harm.

## COUNT II

**FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN**

1-39. Plaintiff YOGA 360 incorporates by reference each and every allegation contained in Paragraphs 1 through 39 of this Complaint as though fully set forth herein.

40. Defendants' unauthorized use of the YOGA 360 Marks has and is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants or Defendants' goods, services or commercial activities with Plaintiff YOGA 360 or Plaintiff's YOGA 360's goods, services or commercial activities, or as to the origin, sponsorship, or approval of Defendants' goods or commercial activities by Plaintiff YOGA 360.

41. Defendants' use of the Plaintiff YOGA 360's "YOGA 360" Marks unfairly competes with Plaintiff YOGA 360 in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

42. The aforesaid acts of Defendants constitute false designation of origin and false and misleading descriptions and representations in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

## COUNT III

**FEDERAL FALSE ADVERTISING**

1-42. Plaintiff YOGA 360 incorporates by reference each and every allegation contained in Paragraphs 1 through 43 of this Complaint as though fully set forth herein.

43. Plaintiff YOGA 360's use of the 'YOGA 360' Marks predates any alleged use by Defendants.

44. Defendants' unauthorized use of the 'YOGA 360' mark, in commercial advertising or promotion, misrepresents the nature, characteristics, or qualities of Defendants' goods, services or commercial activities.

45. Defendants' use of the 'YOGA 360' Marks is a false or misleading statement of fact in a commercial advertisement about a product or service in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

46. Defendants' use of the YOGA 360 Marks in interstate commerce in connection with its services has either deceived or has the capacity to deceive a substantial segment of potential consumers, and such deception is material, in that it is likely to influence the consumers' purchasing decisions.

47. The aforesaid acts of Defendants constitute false advertising in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

48. The aforesaid acts of Defendants were committed willfully, with full knowledge of Plaintiff YOGA 360's rights, and with the intention of deceiving the public and causing harm to Plaintiff YOGA 360.

**COUNT IV**

**VIOLATION OF THE UNIFORM DECEPTIVE TRADE PRACTICES ACT UNDER ILLINOIS LAW**

1-48. Plaintiff YOGA 360 incorporates by reference each and every allegation contained in Paragraphs 1 through 48 of this Complaint as though fully set forth herein.

49. Defendants' unauthorized use of the Plaintiff YOGA 360's 'YOGA 360' Marks in connection with their goods is likely to cause confusion or mistake or to deceive as to the source or origin of their goods or services resulting in unfair competition and deceptive trade practices in violation of the Deceptive Trade Practices Act under Illinois law, 815 ILCS 510.

## COUNT V

### COMMON LAW TRADEMARK INFRINGEMENT

1-49. Plaintiff YOGA 360 incorporates by reference each and every allegation contained in Paragraphs 1 through 57 of this Complaint as though fully set forth herein.

50. These acts of Defendants constitute trademark infringement in violation of common law.

51. The acts of Defendants complained of have caused and, unless enjoined by this Court, are likely to continue to cause Plaintiff YOGA 360 to suffer irreparable harm.

## COUNT VI

### COMMON LAW UNFAIR COMPETITION

1-51. Plaintiff YOGA 360 incorporates by reference each and every allegation contained in Paragraphs 1 through 51 of this Complaint as though fully set forth herein.

52. These acts of Defendants constitute unfair competition in violation of common law.

WHEREFORE, Plaintiff YOGA 360 requests that judgment be entered in its favor and against Defendants as follows:

A. Preliminarily and permanently enjoining Defendants, their successors, officers, agents, and employees, and anyone acting in active concert or participation with or at the behest or direction of any of them, from using (including, but not limited to, in connection with the promotion, marketing, advertising, and sale of product) the YOGA 360 Marks, and any other designation that is comprised of or incorporates the YOGA 360 Marks, any colorable imitation thereof, or any otherwise confusingly similar mark;

B. Ordering that all products, labels, packaging, wrappers, signs, prints, banners, posters, brochures, or other advertising, marketing, or other promotional

materials comprised of or bearing the YOGA 360 Marks be recalled and destroyed, along with the means for making the same, and that all Internet web sites, online advertising, social media sites, marketing, promotions, or other online materials bearing the YOGA 360 Marks be removed permanently;

C. Permanently enjoining Defendants, their successors, officers, agents, and employees, and anyone acting in active concert or participation with or at the behest or direction of any of them, from seeking to register the YOGA 360 Marks and any other designation that is comprised of or incorporates the YOGA 360 Marks, any colorable imitation thereof, or any otherwise confusingly similar mark;

D. Ordering Defendants to engage in corrective advertising with all customers, distributors, vendors, sales representatives, and account managers that received products, labels, packaging, wrappers, signs, prints, banners, posters, brochures, or other advertising, marketing, or other promotional materials comprised of or bearing the YOGA 360 Marks, to mitigate the damage done to Plaintiff YOGA 360's reputation, damage done to the distinctive quality of the YOGA 360 Marks, and the harm to the goodwill associated with the YOGA 360 Marks from Defendants' unlawful infringement and unfair competition;

E. Permanently enjoining Defendants, their successors, officers, agents, and employees, and anyone acting in active concert or participation with or at the behest or direction of any of them, from engaging false advertising or in any other conduct that suggests or tends to suggest to the public that Defendants are in any manner, directly or indirectly, affiliated, connected, or associated with Plaintiff YOGA 360 or that Defendants' goods or commercial activities

originate from or are sponsored or endorsed by Plaintiff YOGA 360;

F. Ordering Defendants, pursuant to 15 U.S.C. § 1116(a), to file with the Court and serve on Plaintiff YOGA 360's counsel within 30 days after service of the injunction, a written report, sworn under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction;

G. Declaring that Defendants' unauthorized use of the YOGA 360 Marks infringes Plaintiff YOGA 360's rights in and to the YOGA 360 mark;

H. Declaring that Defendants' infringement was knowing, intentional, and willful;

I. Awarding Plaintiff YOGA 360 compensation for any and all damages, injury, or harm incurred as a result of Defendants' unlawful conduct;

J. Ordering full restitution and/or disgorgement of all profits and benefits that may have been obtained by Defendants as a result of their wrongful conduct;

K. Awarding Plaintiff YOGA 360 treble damages resulting from Defendants' willful and intentional conduct;

L. Awarding Plaintiff YOGA 360 punitive and exemplary damages;

M. Assessing Plaintiff YOGA 360's costs of this action and Plaintiff YOGA 360's attorneys' fees against Defendants; and

N. Ordering or awarding any other such relief the Court deems just and proper.

**Continues on next page-intentionally blank**

**DEMAND FOR JURY TRIAL**

Plaintiff YOGA 360 hereby demands a trial by jury on all permissible issues.

Dated: July 26, 2013

                      Respectfully submitted:

                       /s/  Evan B. Karnes, II
                      One of the Lawyers for
                      YOGA 360, INC.

Evan B. Karnes, II (3122359)
John Adam Powers (6280892)
Everardo Martinez (6281970)
KARNES LAW CHARTERED
177 North State Street
Chicago, Illinois 60601
Phone: (312) 629-8900
Fax: (312) 629-0109

Aric Jacover (6277709)
JACOVER LAW LLC
900 Grove, Suite 402
Evanston, Illinois 60201
Phone: (312) 569-0434